UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. DeBOSE, | No. C 12-4234 SI (pr) |
| Plaintiff/Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| KEVIN CHAPPELL, warden, | |
| Defendant/Respondent. | |

Donald DeBose, an inmate on death row at San Quentin State Prison, commenced this action by filing a document entitled "28 U.S.C. § 2403(b) Intervention by United States or State: 'Constitutional Question.'" Docket # 1.  In his petition, he requests the court to certify to the California Attorney General, pursuant to 28 U.S.C. § 2403(b), that the taking of monies from his inmate trust account to pay the restitution and fines imposed upon him upon his murder conviction violates his constitutional rights.  The petition must be dismissed as it is patently meritless.

The petition is procedurally improper.  The statute cited by DeBose provides that, "[i]n any action, suit or proceeding in a court of the United States . . . wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene."  28 U.S.C. § 2403(b).  The certification provided for under 28 U.S.C. § 2403 is for purposes of facilitating the intervention by the United States or by a state in a case pending in federal court; it does not provide a jurisdictional basis for a new case.  There is no pending case in the district court, other than this case, and it makes little sense to file an action whose sole purpose is to have the

state intervene in that very action. Liberal construction will not save the petition because, although liberal construction might enable one to solve the procedural problem, the claim DeBose is trying to present in his petition is irredeemably meritless.

DeBose contends in his petition that restitution and/or fine should not have to be paid until his appeal (which he argues is proceeding at a slow pace) has concluded. It has been long been settled that a criminal defendant can be required to begin or even complete serving his sentence before the appeal from his conviction concludes. *See generally McKane v. Durston*, 153 U.S. 684 (1894) (U.S. Constitution does not grant a right to bail after conviction and during pendency of appeal); *cf.* Cal. Penal Code §§ 1215-1217; *People v. Shorts*, 32 Cal. 2d 502, 507 (Cal. 1948) (state-created right of post-conviction corrective process does not encompass an automatic right to stay of execution of the judgment of conviction); *cf.* 18 U.S.C. § 3572(c), (d) (fine can be made payable immediately, notwithstanding its appealability). Since the deprivation of personal liberty is constitutionally permissible before the criminal appeal concludes, it follows that the deprivation of property also is permissible before the criminal appeal concludes. The length of the direct appeal or collateral challenges provides no reason to set aside or suspend the payment of any restitution or fine.

The petition is DISMISSED with prejudice because it fails to state a claim upon which relief may be granted. This dismissal counts as a dismissal for purposes of 28 U.S.C. § 1915(g). The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 24, 2013

_____
SUSAN ILLSTON
United States District Judge

2